UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RODNEY ALLEN PICKETT, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>SWVRJA, *et al.*, )<br>    Defendants. ) | Civil Action No. 7:15cv00386<br><br>By: Elizabeth K. Dillon<br>United States District Judge |

**MEMORANDUM OPINION**

Plaintiff Rodney Allen Pickett, a Virginia inmate proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 against the Southwest Virginia Regional Jail ("Jail") and the Jail Authority. Pickett alleges that the Jail nurse denied him adequate medical treatment and refused to follow the doctor's orders. Having reviewed the complaint and its attachments, the court finds that the Jail is not a person subject to suit under § 1983 and that Pickett's complaint fails to state a claim for relief against the Jail Authority. Therefore, the court will dismiss the complaint without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Because a jail is not a legal entity, it is not a "person" subject to suit under § 1983, and Pickett cannot maintain this action against the defendant jail. *See McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 894 (E.D. Va. 1992) (a jail "is not an individual, a corporation, a partnership, or an unincorporated association. Therefore, it lacks the capacity to be sued as a jail.").

Pickett also names the Jail Authority as defendant to this action. "Local governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief

where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 690 (1978). Thus, a governmental entity, such as a regional jail authority, is liable under § 1983 only when the entity itself is a "moving force" behind the deprivation. *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981). That is, the entity's official policy or custom must have played a part in the alleged violation of federal law. *Oklahoma City v. Tuttle*, 471 U.S. 808, 817-18 (1985). Although a *pro se* complaint is held to "less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted), a complaint must still "contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Here, Pickett does not allege that any official policy or custom of the Jail Authority was responsible for the violations or injuries he allegedly suffered, and therefore, Pickett has failed to state a claim against the Jail Authority.[1] Accordingly, the court will dismiss the complaint without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

Entered: November 30, 2015.

*Elizabeth K. Dillon*
United States District Judge

---

[1] The court notes that nothing in this opinion precludes Pickett from bringing an action against any individuals who may have violated his rights, assuming he has exhausted his remedies in accordance with 42 U.S.C. § 1997e.